**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LESTER OMAR REYES TORRES,**<br><br>Petitioner,<br><br>*v.*<br><br>**MARKWAYNE MULLIN**, *United States Secretary of Homeland Security*, et al.,<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 26-7439-KSM** |

## **ORDER**

**AND NOW**, this 15th day of October, 2026, upon consideration of Lester Omar Reyes Torres's Petition for Writ of Habeas Corpus (Doc. No. 1), the Respondents' Response (Doc. No. 4), Petitioner's Reply (Doc. No. 6), oral argument on the Petition held on October 7, 2026 and October 8, 2026 (Doc. Nos. 8, 9), the body camera footage of Petitioner's arrest on September 23, 2026 (*see* Doc. No. 7), and for the reasons discussed in the Court's accompanying memorandum, it is **ORDERED** that the Petition (Doc. No. 1) is **DENIED**. This Court's no-transfer order (Doc. No. 2) is **VACATED** so that Mr. Reyes Torres may proceed with the available administrative process.[1] The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

[1] The Court recognizes this Order may not be issued in time for Petitioner to attend his redetermination hearing today. If that is the case, Respondents are to **promptly** reschedule his bond hearing to the next available date. *See Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents must also provide detainees with a 'prompt bond hearing.'") (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings ***at the outset of detention***.") (emphasis added).